# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABEL TUBACH,<br><br>          Plaintiff,<br><br>    v.<br><br>PRESIDENT BARAK OBAMA,<br><br>          Defendant. | CASE NO. 1:12-cv-01880-AWI-SMS PC<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, AND DIRECTING CLERK TO ENTER JUDGMENT<br><br>(Doc. 1) |

    Plaintiff Isabel Tubach, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on November 15, 2012. Because Plaintiff is suing the President of the United States for the violation of her rights, the Court construes the action as one brought pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors.

    Plaintiff alleges that the President Obama has failed to take action against the State of California and Governor Jerry Brown to investigate and rectify the conditions which have led to her complaints of prison misconduct. Plaintiff seeks damages and a court order requiring President Obama to take action against Governor Brown.

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's Complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. §

1 | 1915(e)(2)(B)(ii).

    The President is absolutely immune from suit for damages for conduct that is part of the President's official duties. See Forrester v. White, 484 U.S. 219, 225 (1988); Nixon v. Fitzgerald, 457 U.S. 731 (1982); Fry v. Melaragno, 939 F.2d 832, 836 (9th Cir. 1991). To the extent that Plaintiff's rights are being violated in prison, her recourse is against those directly involved, and the Court notes that Plaintiff is already pursuing a number of civil suits in this district based on prison conditions.[1] See Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009) (personal involvement required to state a claim).

    Accordingly, Plaintiff's Complaint is HEREBY DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted, and the Clerk of the Court shall enter judgment.

IT IS SO ORDERED.

Dated:   January 12, 2013

_____
SENIOR DISTRICT JUDGE

---

[1] The Court takes judicial notice of cases numbered: 1:11-cv-2117-SMS; 1:12-cv-0360-AWI-SMS; 1:12-cv-0451-SMS; 1:12-cv-0635-SMS; 1:12-cv-0649-SMS; 1:12-cv-0872-AWI-SMS; 1:12-cv-1110-SMS; 1:12-cv-1111-SMS; 1:12-cv-1241-AWI-SMS; 1:12-cv-1276 AWI-SMS; 1:12-cv-1369-SMS; 1:12-cv-1373-SMS; 1:12-cv-1389-SMS; 1:12-cv-1573-SMS; 1:12-cv-1574-SMS; 1:12-cv-1696-SMS; 1:12-cv-1768-AWI-SMS; 1:12-cv-1798-AWI-SMS; 1:12-cv-1878-AWI-SMS; 1:12-cv-1879-AWI-SMS; and 1:12-cv-2023-AWI-SMS.